Andrea Moran, Esq. Town Attorney, Olive
As attorney for the Town of Olive, you inquire about the Town's obligations under Highway Law, § 205 with respect to a highway which you state was abandoned by the Town in 1969. More specifically, you ask:
 1. May the Town now hold a hearing to abandon the highway if its 1969 procedure was deficient?
 2. If the 1969 procedure amounted to a "qualified abandonment", must the Town maintain a bridge less than 25 feet in length on that highway?
 3. If the highway remains a public way, must the Town allow a private individual to rebuild the bridge?
 4. If the Town is obliged to maintain the bridge, may it "make it the smallest weight limit bridge possible"?
At the outset, it should be noted that Highway Law, § 205 has no application to highways owned by the Town in fee, but only to those over which the public has merely an easement of passage, with the fee title remaining in the abutting private owners (1943 Op Atty Gen 348 and authorities cited therein). Hence it will be assumed that your inquiry relates to a highway as to which the Town had merely an easement rather than a fee title.
Subdivision 1 of Highway Law, § 205 provides that if such a highway is not used for six years, it shall be deemed abandoned, and that the Town Superintendent of Highways with the consent of a majority of the Town Board shall file and record a description of the right-of-way so abandoned, which shall thereupon be discontinued. Even in the absence of any such filing, however, a continuous failure to use the highway for the statutory six years is effective to work an absolute abandonment, and the highway so disused "shall cease to be a highway" and "shall be deemed abandoned as a right-of-way" without any hearing or other procedure.
Subdivision 2 of Highway Law, § 205, dealing with "qualified abandonment", provides that if a highway has not been completely abandoned as provided in subdivision 1 but for a period of two years has not usually been traveled by more than two vehicles a day, and if it appears to the County Superintendent of Highways that a qualified abandonment is proper and would not cause injustice or hardship to any adjoining owner or occupant, the County Superintendent of Highways may hold a public hearing upon at least twenty days written notice to all adjacent owners and occupants and then the Town Superintendent of Highways and the Town Board shall file and record in the Town Clerk's Office a certificate describing the portion of the highway partially so disused and declaring a qualified abandonment thereof. As to the effect of such a qualified abandonment, subdivision 2 provides that such portion of the highway shall no longer be maintained at public expense but shall continue to be a public highway which no person may obstruct or impair (except that an owner of land on both sides may fence if off for pasturage but must provide unlocked gates), but that "no person shall be required to keep any part of it in repair", except such gates. The subdivision further provides, however, that as to highways narrower than two rods wide which have been traveled by ten or more pedestrians daily during the past two summers (i.e., "June to September inclusive, of the two years next previous thereto"), the statute shall not apply.
If the highway provides the only practical means of access to State Forest Preserve lands or to State Reforestation areas, then pursuant to Highway Law, § 205-b, the Department of Environmental Conservation must be given preliminary notice of the qualified abandonment and shall have the right to maintain the highway if it desires; no portion of the highway may be fenced, with or without gates, and the Town shall have the right to resume jurisdiction at any time.
Your attention is called also to subdivision 2 of Highway Law, §171 providing an alternate procedure for discontinuing a highway which has become useless, and to Town Law, § 274 which provides that if a town has a planning board which has been empowered by resolution of the town board to approve or disapprove the abandonment of highways outside of incorporated villages, then no final action shall be taken until the planning board has had a reasonable time to submit its report, but that this shall not be construed "as limiting final action or the authority now possessed by law of any body or officer of the said town." In addition, your attention is called to Highway Law, § 211-a
with respect to abandonment of town highways running through forests or forest lands.
As to the bridge, it is assumed that it was not a bridge over a canal or railroad, as such bridges are governed by special statutes. Subdivision 4 of Highway Law, § 2 defines "highway" to include "culverts having a width of opening of twenty feet or less except as provided in section two hundred and thirty, and also the approaches of any bridge or culvert" and Highway Law, § 230, subdivision 2, defines a "bridge" as any structure with a clear span of more than twenty feet measured along the center line of the highway from the faces of abutments or sidewalls and a "culvert" as any such structure with an interior width of twenty feet or less similarly measured. Highway Law, § 231
subdivisions 11, 12 and 12-a set forth procedure for the abandonment of bridges with a span of more than twenty-five feet which have become useless and unnecessary, but I find no comparable provision as to smaller bridges.
Subdivision 8 of Highway Law, § 231 provides that any bridge with a span of less than twenty-five feet shall be maintained at the expense of the town in which it is located, and Highway Law, §140 provides that the town superintendent of highways shall keep the town highways and bridges in repair but Highway Law, § 216
provides that no town shall be liable for the collapse of any bridge or culvert by a vehicle weighing more than eight tons. On the other hand, Vehicle and Traffic Law, § 1660, subdivision 20 (b) makes it the responsibility of each town board to determine the capacity in tons of all bridges under its jurisdiction and as to all those not strong enough to carry safely the legal loads permitted by Vehicle and Traffic Law, § 385, to post signs stating the capacity. (The maximum legal load under Vehicle and Traffic Law, § 385, subdivision 10, as last amended, is 80,000 pounds, or 40 tons.)
Answering your specific questions:
1. If there was an absolute abandonment pursuant to Highway Law, §205, subdivision 1, no hearing is necessary. If there was an attempted qualified abandonment in 1969 but no hearing was held, and if the criteria for a qualified abandonment as explained above still exist and the County Superintendent of Highways now wishes to hold a statutory hearing, then it would be more prudent to repeat the entire procedure prescribed by the statute, including the statutory hearing by the County Superintendent of Highways followed by the filing of a certificate by the Town Superintendent of Highways and Town Board again declaring a qualified abandonment.
2. Under a qualified abandonment, in my opinion the Town still has an obligation to maintain the bridge if it had a span of more than twenty feet (but less than 25 feet), since in that case it would not be a part of the "highway" as defined in Highway Law, §§ 2 and 230. (See 1909 Op Atty Gen 630.)
If the bridge has a span of less than twenty feet and thus is technically a "culvert" and part of the highway under the statutory definitions, it is a part of the highway qualifiedly abandoned which may no longer be "worked at public expense". Since the highway remains open to the public under a qualified abandonment, however, it may be prudent to erect a prominent sign clearly warning the public that the bridge is no longer maintained by the Town and that one proceeds over it at his own risk.
3. Under a qualified abandonment, if a private owner desired to rebuild the bridge, with a span of less than twenty feet, then, in my opinion, the Town would be obliged to permit such rebuilding.
4. As to whether the Town may rebuild or maintain "the smallest weight limit bridge possible", I do not find any requirement of minimum capacity but in view of Highway Law, § 216, if the bridge is to be continued, it may be prudent to provide and maintain a weight bearing capacity of at least eight tons. In any event, if continued, it should be posted in accordance with subdivision 20 (b) of Vehicle and Traffic Law, § 1660.
Although you do not ask about the status of the bridge under an absolute abandonment pursuant to subdivision 1 of Highway Law, § 205, if it is less than twenty feet long and thus a "culvert" and part of the "highway" in accordance with the definitions of Highway Law, § 2
(subd 4) and § 230 (subd 2), then it was of course abandoned as part of the abandoned highway. If over twenty feet in length, however, then it may be advisable to comply with the procedures set forth in Highway Law, § 231, subdivisions 11-12-a, inclusive, even though the span is less than twenty-five feet. In any case of absolute abandonment, moreover, it may be prudent to protect the Town against possible tort liability to motorists or pedestrians by erecting suitable signs and barricades. Incidentally, Highway Law, § 205 (2) provides that any litigation involving abandonment or qualified abandonment pursuant to that statute must be commenced within one year from the date of filing of the description by the Town Superintendent of Highways, in the case of absolute abandonment, or within one year from the decision of the Commissioner of Transportation on any appeal from qualified abandonment taken pursuant to subdivision 2.
For your information and convenience, we enclose copies of the following opinions of the Attorney General dealing with abandonment of town highways: 1909 Op Atty Gen 630; 1943 Op Atty Gen 349; 1977 Op Atty Gen 273.